Your Honor, this is a situation where the question is, was there sufficient evidence before the district court to warrant this six-level upward adjustment in the base level pursuant to the guidelines? And I submit the evidence is lacking on that. It's the government's obligation to show, I submit by clear and convincing evidence, that in fact there is evidence that requires that increase. We're not talking about whether the judge could take that factor into consideration, but is there a mandatory increase to the level 18, and the evidence is simply lacking. I apologize, I don't understand the use of the word mandatory. Does it qualify for the enhancement or not? Yes, it doesn't qualify for the enhancement. I agree that the judge could take this into consideration, under 3553 factors. However, is the increase going to be to the level 18, based upon a substantial risk of a death or serious bodily injury? You're saying that the district court was wrong to apply that guidelines enhancement. Is that your position? Yes. Okay. And we should uphold the factual findings unless there's clear error. Were there factual errors here? Yes, there actually is. The factual error is that there wasn't a sufficient fact in the record. The facts that are referred to, for example, in the brief by counsel for the government, were not in evidence. For example, indicating that there's a substantial risk of serious bodily injury because they... You're not disagreeing that there was an alien that was put in the dashboard and that she was hanging by the strap, right? Correct. So the district court found, based on that, that it was unusual, and I think he said precarious, and so inherently dangerous for that reason. Yes. So are you saying that that's clearly erroneous? Yes, it is because, in fact, that's more similar to a situation where a person, for example, in the Dixon case, is behind the seat of a truck and... I thought in that case the alien was in the passenger compartment. In that one, in Torres Flores, they were in the passenger compartment. Oh, in Torres... Yes, all right. I confused Dixon and Torres Flores, but... But here the person was not in the passenger compartment. She was hanging in the dashboard. Yes, in the dashboard area, and there's no evidence... I've had real trouble visualizing what this entails. Yeah. I've looked at the photographs that are part of the excerpts of record, and I can't make any sense out of the photos either. Can you describe to me what your understanding is of how she was positioned? I mean, my car isn't big enough for anybody to fit inside the dashboard, so it's not literally the dashboard, I assume, but where is the person positioned? No, actually, it's in the area where the dash and instruments would be. There are no moving parts in it, as were speculated by the government's brief. I've looked at the compartment. I've also interviewed this woman, and of course, I'm not referring to any specific evidentiary fact that I'm bringing in here, but she was a not frequently, but sometimes. You'll find it in alien smuggling cases. They're put in different compartments. One of them is the dashboard of a van, in this particular case, a van. There is enough room for a small woman, perhaps herself, to be put in there, literally, and the question is, would that particular position create a substantial risk of death or bodily injury, because it would, first of all, create an increased risk of an accident, or secondly, would being put in there cause you substantial risk of injury? Neither one of those are occurred. The last case, we had a video situation. Here, it seems like we have a picture situation, photographs, right? We have a PSR here, and then the district judge looked at the PSR, made certain determinations, and is it an incumbent upon the defendant at that particular time to ask for some sort of a hearing, to be able to develop the case factually, to show clear evidence, so to speak, that the compartment can house this person? I don't see any of that in the record here. I see just some fuzzy photographs, but what's the responsibility on the part of the for that is the government's, because they have the burden of proof. The government, you have a PSR, and the court can rely upon the pre-sentence report, unless it's factually going to be contested by the defendant, and the defendant has some responsibility in that situation to come forward. We call it fatical hearings in the Second Circuit, but what about here? Why didn't they ask for a hearing? Why didn't they put evidence to support what you're claiming now, appeal factually as the case? I did file my objection to the pre-sentence report, and I'm the one who filed it. I did not ask for an evidentiary hearing, but that's the government's obligation. I don't know, actually. I don't know who actually could trigger that. It would be the government could do that. However, I did not actually ask for an evidentiary hearing on it either, because it's not my burden of proof to do it. I think once I made the objection, then it is incumbent on the government to overcome that objection, and they did not do that. The burden of proof never shifts to the defendant. Jesse, it does, but you know, in the context of his sentencing proceeding by a district court judge, we do have a pre-sentence report that you can't rely upon, unless there really is a significant issue of fact that has to be flushed out, and in that situation, the defendant always has the right to come to court and say, Judge, I want to have a hearing. I want to show evidence that the PSR is not correct. I'm just curious as to why more wasn't done here. No, it wasn't done because that is not my obligation to do so. The guideline says that the P6 enhancement applies to transporting persons in the trunk or engine compartment of a dashboard was akin to that. It's a part of the vehicle that's not intended for transporting persons. So, given our deference to the guidelines, why isn't that enough for the district court? Well, there, I do not see any part in the guidelines itself that requires that. That's in the application notes. We give the application notes the same weight as the guidelines. The application notes are not guideline mandatory, and in fact, do not constitute the law. Oh, but we give them that weight. And your problem is, you've got the wind in your face. I mean, we have a finding by the district court, mindful of the application note. What's clearly erroneous about the finding made by the district court that your client qualified for this enhancement? What's erroneous is the fact that this was not a situation that increased serious bodily injury risk, as a matter of fact. And I would submit that what the court should do is to modify the sentence so that it would be the low end of the guidelines, which would be, my client's at a four, a ten, to a level ten, as I asked in my sentencing memorandum. And that would mean time served, because he was arrested on February 15th, and March 15th is 15 months. That is what I'm requesting you to do, to modify it to the time served for that reason. You want to save the balance of your time for rebuttal? Yes. Okay. We'll hear from the government. May it please the court. Larry Spong, for the United States. Placing someone in the dashboard of a vehicle is inherently inhumane, and inherently creates a substantial risk of serious bodily injury or death, as the addendum to the PSR found, and as the district court adopted. The district court was making clear that it agreed with that when it asked counsel, you know, compare this to someone riding on the floorboard and someone in the dashboard. He was making that what I think is the obvious thing. And in the Dixon case, where they dealt with the hatchback, the court said there, the reason it, well, first, technically, they simply held that the district court made a factual error, clearly erred, because the person was in a trunk. And that's what the district court found was inherent. But the court said, a hatchback isn't obviously dangerous as a trunk is. And I would argue, if a trunk is obviously dangerous, a dashboard is even more inherently dangerous. And we think that's what the district court relied on. Those are the facts. The only dispute as to facts was whether she could have removed the strap, and whether she could have sufficient oxygen. I'll concede that. I'm not sure that she could have removed it. They had to cut it. But even conceding those, that position is inherently dangerous for the reasons described in our brief. What's the actual language of the guideline? Pardon? Yes. And I would say putting someone in the dashboard of a car fits that to a T. Because it increases the prospects or the chances of there being an accident? I think it increases the likelihood of an accident, because now they're placed in close to where the steering wheel is there, all the Second, I think it increases the risk of injury, even in the absence of an accident. That is, she's placed in a position next to the engine compartment, where there's heat. Again, there's all the operational things that happen in a dashboard. And finally, and most importantly, I think it increases the risk that if an accident occurs, a serious injury would result. If there's an accident, that dashboard is not a safe place, no matter how well strapped in somebody is. If it's a front-end collision, that engine comes back into that dashboard. If there's a side collision, the dashboard is compressed. So I would say even under all those Torres-Flores type situations, it meets at least three of those, any one of which would be sufficient. But I would say that the court was correct in saying it was inherently a dangerous situation. I can't imagine a situation in a The court has no more questions? Apparently not.  We'll have rebuttal. Your Honor, the question is whether or not placing someone in this particular compartment is something that increases substantially the risk of either may sound dangerous to someone that hasn't done that before, and obviously it's not lawful to do that, but it doesn't warrant that mandatory increase to the level 18. If those factors are in existence, it must be increased to a level 18. It's something the judge should have taken into consideration, but not being in there increased a risk that the car couldn't be operated right and could cause an accident. No indication that her being in there caused her injury or she was in any way in danger of being in there and talking with her and seeing it. Frankly, she was not in any way injured and appeared to be properly strapped in there. It sounds almost like something that someone would expect in another type of situation. Thank you very much. Thank you. We thank both counsel for your argument. The case just argued is submitted. We will be in brief recess.
judges: Clifton, Ikuta, Block